UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MIGUEL DE LA CRUZ,<br><br>    Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00997-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 12) |

    Jose Miguel Da Le Cruz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action.

    On September 30, 2020, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 12). Plaintiff asks for appointment of counsel because his previous pro bono counsel went to work in a different area;[1] because he is not well versed in the law; and because it will be very difficult for Plaintiff to seek discovery, cross examine witnesses, and perform other duties required of professional lawyers.

    Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952

---

[1] The Court has not appointed pro bono counsel for Plaintiff and no attorney has appeared on Plaintiff's behalf in this action.

(9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time.  The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims.  In fact, the Court recently found that Plaintiff's complaint fails to state any cognizable claims.  (ECF No. 11).  Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **October 2, 2020**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE