UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MIGUEL DE LA CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | Case No. 1:20-cv-00997-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S EIGHTH AMENDMENT CLAIM AGAINST DEFENDANT GALLOWAY AND DEFENDANT GATES FOR DELIBERATE INDIFFERENCE TO HIS SERIOUS MEDICAL NEEDS AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED<br><br>(ECF No. 14)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS |

Jose Miguel Da Le Cruz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*[1] in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the complaint commencing this action on July 20, 2020. (ECF No. 1). On September 24, 2020, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 11). The Court gave Plaintiff thirty days to either: "a.

---

[1] It appears that Plaintiff may have attempted to file another application to proceed *in forma pauperis*. (ECF No. 14, pgs. 29-30; ECF No. 15). As Plaintiff is already proceeding *in forma pauperis*, the Court notes that Plaintiff does not need to file another application to proceed *in forma paupers*.

1

File a First Amended Complaint; or b. Notify the Court in writing that he wants to stand on his complaint." (Id. at 9).

On November 30, 2020, Plaintiff filed his First Amended Complaint.[2] Plaintiff's First Amended Complaint is now before this Court for screening. For the reasons that follow, the Court will recommend that this action proceed on Plaintiff's Eighth Amendment claim against defendant Galloway and defendant Gates for deliberate indifference to his serious medical needs and that all other claims and defendants be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

### I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 4), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient

---

[2] Plaintiff's First Amended Complaint was not timely filed. Nevertheless, the Court will screen Plaintiff's First Amended Complaint.

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II.   SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff brings an Eighth Amendment claim for deliberate indifference to his serious medical needs against: Doe Defendant 1, the primary care provider he saw on April 16, 2019; Doe Defendant 2, who was the Chief Physician and Surgeon on April 16, 2019; Celia Bell, the CEO of Health Care Services at California State Prison, Corcoran; Oscar Galloway, OSHAII; and Gates, the Chief of Health Care Correspondence and Appeals Branch Policy and Risk Management Services.

Plaintiff alleges as follows in his First Amended Complaint:

On October 19, 2016, while at North Kern State Prison, Plaintiff was seen by medical's Audiology department. Upon conclusion of the initial diagnosis procedure and consult, doctor Shittu approved Plaintiff for a follow-up consultation to further provide assistance for his clinical and expert opinion pertaining to Plaintiff's medical necessity, as Plaintiff has been diagnosed with Sensory Neuro Deafness in his right ear since birth.

Upon follow-up and conclusion of further consultation, on October 28, 2016, consultant Richards noted in a Health Care Services Physician Request for Services that "Pt says he is deaf in right ear since birth. Pt hears well in left. No response in right." In the recommendations section, Richards stated "Refer to ENT [("Ear, Nose, and Throat")] for possible Cochlear Implant." Richards forwarded the document to ETA/RN Etrata, who also signed and dated the document. The document was then forwarded to doctor Austria, a

physician/surgeon, who also approved. The report was then received in medical records on November 1, 2016.

However, Plaintiff was never sent out to see the ENT.

On February 21, 2019, Plaintiff filed a Reasonable Accommodation Request Form (1824). Plaintiff was granted an ADA hearing impaired vest. The Reasonable Accommodation Panel ("RAP") response also stated that Plaintiff was not identified as having a disability recognized in the Armstrong v. Davis Court-ordered remedial plan. However, the response noted later that a hearing-impaired vest was authorized.

As Plaintiff was given a hearing-impaired vest, this clearly indicates a disability.

On March 18, 2019, Plaintiff filed a Healthcare Grievance. In short, Plaintiff expressed his medical diagnosis and referral for ENT to initially provide medical attention for Plaintiff receiving a cochlear implant. This 602 indicated Plaintiff's desire for a new referral to see an ENT for a cochlear implant evaluation.

The 602 was accepted and signed by CEO Celia Bell, yet was signed on her behalf by Oscar Galloway on March 25, 2019.

The next day, on a medical report, doctor Suesberry documented Plaintiff's history of illness and diagnosis. He also stated that "[t]he only option for this patient would be a cochlear implant." This is further expressed on the Referral Details Sheet, which was provided by doctor Suesberry in his handwritten treatment plan response.

On May 21, 2019,[3] on the Institutional Level Response to the earlier filed 602, Galloway stated that Plaintiff was seen by ENT, and that ENT documented that Plaintiff may benefit from a cochlear implant but otherwise no follow-up was needed. Galloway also stated that on April 16, 2019, Plaintiff was seen and evaluated by his primary care provider. The primary care provider noted that the ENT's treatment note stated that Plaintiff's only option was to have a cochlear implant. Galloway also noted that the primary care provider stated "although the ENT put down that the only option for [Plaintiff] would be to have a cochlear

---

[3] The complaint lists 2020 instead of 2019, but based on the allegations in the complaint, it appears that Plaintiff is alleging that this occurred in 2019.

4

implant to improve hearing to [Plaintiff's] right ear, [Plaintiff] is able to hear without any difficulty in [his] left ear." Galloway also noted that Plaintiff's primary care provider noted that a Request for Services would be submitted to the Chief Physician and Surgeon for a cochlear implant, but that it was highly doubtful that it would be approved since it is not a life-sustaining medical treatment and it is not necessary for Plaintiff to have this type of procedure or implant as Plaintiff is able to hear without difficulties in his left ear.

The Institutional Level Response stated that intervention into Plaintiff's concerns was warranted, yet Plaintiff was not provided with the requested medical care, despite having multiple approvals from multiple medical staff members over a period of years.

Plaintiff forwarded his 602 to the Headquarters Level for review. The response indicated that no intervention into Plaintiff's issues would be provided. The response was signed by Gates, the Chief of Health Care Correspondence and Appeals Branch Policy and Risk Management Services.

The lack of medical care has been weighing on Plaintiff's mental health and Plaintiff is and has been in mental health services.

**III.   ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

  **A.  Section 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, Hansen v.

Black, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," Hansen, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

### B. Deliberate Indifference to Serious Medical Needs in Violation of the Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is

7

insufficient to establish an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).  Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106.  To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

The Court finds that Plaintiff's Eighth Amendment claim against defendant Galloway and defendant Gates for deliberate indifference to his serious medical needs should proceed past screening.  The Court is not aware of any binding authority regarding whether deafness in one ear is a serious medical need.  Without deciding the issue, the Court finds that Plaintiff's allegation that he is deaf in one ear is sufficient on this issue to proceed past screening.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*) ("Examples of serious medical needs include [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.") (alteration in original) (citation and internal quotation marks omitted).

Plaintiff has also sufficiently alleged that these two defendants knew of Plaintiff's serious medical issue because it was documented in medical records that both of these defendants saw,[4] but did not provide any treatment.  Thus, the Court finds that, for screening

---

[4] Circumstantial evidence, such as evidence of obviousness, can be used to show subjective knowledge. Farmer, 511 U.S. at 842-43 ("Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, cf. Hall 118 (cautioning against 'confusing a mental state with the proof of its existence'), and a factfinder may


purposes, Plaintiff has sufficiently alleged that defendant Galloway and defendant Gates were deliberately indifferent to his serious medical needs.

The Court also finds that all other claims should be dismissed for failure to state a claim. Plaintiff sues Doe Defendant 1, the primary care provider he saw on April 16, 2019. However, there are no allegations suggesting that Doe Defendant 1 was deliberately indifferent to Plaintiff's serious medical needs. Doe Defendant 1 allegedly evaluated Plaintiff and then stated that he or she would submit a Request for Services for a cochlear implant. While Doe Defendant 1 did note that the Request for Services would probably be denied by Doe Defendant 2, nothing Doe Defendant 1 allegedly did or said suggests that Doe Defendant 1 disregarded Plaintiff's medical needs. Thus, Plaintiff has failed to state a claim against Doe Defendant 1.

As to Doe Defendant 2, there are no allegations regarding what this defendant did or did not do. Plaintiff alleges that Doe Defendant 1 stated that it was highly doubtful that Doe Defendant 2 would approve the request for a cochlear implant, but Plaintiff never alleges that Doe Defendant 2 in fact refused to approve the request. As there are no factual allegations linking Doe Defendant 2 to the alleged constitutional violation, Plaintiff has failed to state a claim against Doe Defendant 2.[5]

As to defendant Bell, there are no allegations regarding what this defendant did or did not do that led to the deprivation of Plaintiff's constitutional rights. Plaintiff appears to sue defendant Bell because the Institutional Level of review did not direct that he be provided with

---

conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious. Cf. LaFave & Scott § 3.7, p. 335 ('[I]f the risk is obvious, so that a reasonable man would realize it, we might well infer that [the defendant] did in fact realize it; but the inference cannot be conclusive, for we know that people are not always conscious of what reasonable people would be conscious of'). For example, if an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was 'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk.' Brief for Respondents 22.") (alterations in original) (footnote omitted).

[5] If Plaintiff believes he can amend his complaint to include additional allegations against Doe Defendant 2, such as an allegation that Doe Defendant 2 denied the Request for Services, Plaintiff may file objections to these findings and recommendations indicating this. Plaintiff's objections will be considered before final dismissal of Doe Defendant 2.

a cochlear implant. However, while the Institutional Level Response was signed on behalf of defendant Bell, it was defendant Galloway who signed the response. And, as discussed above, supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior*. Additionally, there are no factual allegations suggesting that defendant Bell personally participated in the alleged deprivation, that defendant Bell instituted a policy that caused the deprivation, that defendant Bell knew of the alleged deprivation but failed to prevent it, or that defendant Bell's failure to train or supervise her subordinates led to the alleged deprivation. Thus, Plaintiff has failed to state a claim against defendant Bell.

### IV. CONCLUSION AND RECOMMENDATIONS

The Court has screened the First Amended Complaint and finds that Plaintiff's Eighth Amendment claim against defendant Galloway and defendant Gates for deliberate indifference to his serious medical needs should proceed past screening. The Court also finds that all other claims and defendants should be dismissed.

The Court previously explained to Plaintiff the deficiencies in his complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff an opportunity to amend his complaint. As Plaintiff filed his First Amended Complaint with the benefit of the information provided by the Court, it appears that further leave to amend would be futile.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's Eighth Amendment claim against defendant Galloway and defendant Gates for deliberate indifference to his serious medical needs; and
2. All other claims and defendants be dismissed.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v.

Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 9, 2020**              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE