UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MIGUEL DE LA CRUZ, | Case No. 1:20-cv-00997-KES-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| OSCAR GALLOWAY, *et al.*, | |
| Defendants. | (ECF No. 65) |

Plaintiff Jose Miguel De La Cruz is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed a previous motion for appointment of counsel on June 28, 2021 (ECF No. 28), which the Court denied without prejudice on June 29, 2021. (ECF No. 30). On January 20, 2026, Plaintiff filed a renewed motion for appointment of counsel. (ECF No. 65).

Plaintiff's current motion requests appointment of counsel because he claims that "defendants motion for summary judgment was denied. The next proceedings with either be a settlement conference and/or a jury trial." (ECF No. 65, at p. 1). Plaintiff also claims that he suffers from a hearing impairment and often needs a staff assistant to repeat what is being said to him. (ECF No. 65, at p. 2).

As the Court previously informed Plaintiff, he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require

1

an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff's stated circumstances for requesting an appointment of counsel fail to meet the exceptional circumstances standard.  Contrary to what Plaintiff stated in his motion for appointment of counsel, the District Judge has not yet ruled on Defendants' motion for summary judgment.  The undersigned's Findings and Recommendations to the District Judge recommending denial of Defendants' motion remain pending.  Moreover, Plaintiff has litigated his case without the assistance of counsel for five years and has not described circumstances that would prevent him from continuing to do so.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 65) is **DENIED** without prejudice.[1]
IT IS SO ORDERED.

Dated:    **February 2, 2026**        /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE

---

[1] While Plaintiff is not precluded from renewing his request for appointment of counsel at a later stage of the proceedings, if Plaintiff renews his request without changed circumstances, the Court will deny the motion without further explanation.